J. Sidney Bernstein, J.
This is an application by the petitioner under article 78 of the Civil Practice Act (§ 1283 et seq.) to direct the respondents as members of the Civil Service Commission of the City of New York to withdraw charges filed against him, to rescind his suspension, and to reinstate him forthwith as a junior examiner in the commission. The grounds *764 urged for this extraordinary relief are (a) that the Mayor had directed the serving of the charges and the suspension of the petitioner, and (b) that certain administrative regulations of the commission had not been observed in the service of the charges and the order of suspension.
The charges grew out of an investigation conducted by the Commissioner of Investigation of the city, which disclosed the petitioner’s meretricious relationship with a female city employee who had been charged with and found guilty of a serious offense. The Commissioner called the matter to the attention of the Mayor who, in turn, directed him to transmit a set of formal charges, based upon the evidence disclosed, to the Civil Service Commission, for appropriate action. In addition thereto, the Mayor himself called the matter to the attention of the members of the commission, and directed them to suspend the petitioner pending a hearing and determination of the charges. Following the Mayor’s communication the members of the commission considered the matter and concluded on their own responsibility to serve the charges on the petitioner and to suspend him pending their hearing and determination. Those facts appear to be uncontroverted.
The Mayor, as the chief executive officer of the city, is authorized by the provisions of the New York City Charter and by every standard of proper official conduct, to keep himself informed of the acts and doings of subordinate officials and their employees. It is his duty, where improprieties and offenses are brought to his attention, to cause them to be investigated and to direct that appropriate action be taken upon them by the proper authorities. By directing the notice of the members of the commission to the matters disclosed before his Commissioner of Investigation and requiring them to act thereon he clearly did not usurp their functions or deprive them of their freedom of action.
Having acted on their own independent judgment in framing and serving the charges against the petitioner, the members of the commission were fully authorized to suspend him for not more than one month without pay, pending the hearing and determination of such charges. (Administrative Code of City of New York, § 884-1.0, subd. 3.) Such action results in no loss of salary pending suspension, unless and until he is dismissed, and any inconvenience that it may have caused him is an incident of his civil service status.
The petitioner points to some procedural irregularities in the service of the charges. They are denied by the members of the commission. Whatever the fact may be, they are issues which *765 may be raised only after an adverse decision and reviewed by certiorari. (Matter of Moran v. Wilson, 258 App. Div. 864.)
On the whole, the petitioner has failed to establish a right to relief, and the application is denied and the petition dismissed.